```
UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
------------------------------------------------------------ X
OLEG ZAPOLSKI, et al.,                                       :
                                                             :   **ORDER**
                         Plaintiffs,                         :
                                                             :   09 Civ. 1503 (BMC) (LB)
         -against-                                           :
                                                             :
FEDERAL REPUBLIC OF GERMANY, et al.,                         :
                                                             :
                         Defendants.                         :
                                                             :
------------------------------------------------------------ X
```

Plaintiffs *pro se* commenced this action against a number of German courts, prosecutors, and judges, as well as the Federal Republic of Germany itself. The Complaint is nearly impossible to comprehend. As best I can discern, the dispute seems to be that after plaintiff Zapolski was defrauded in a business venture he conducted with a German partner, abc Systemhaus GmbH Wolfram Polenski, which may be a company or a person or both, the German authorities prosecuted both plaintiffs for tax fraud, possibly imprisoned one of them, and then released him after determining that he was not subject to the tax laws under which he had been prosecuted. Jurisdiction purports to be predicated under numerous bases, including diversity of citizenship, the Foreign Sovereign Immunities Act, the Alien Tort Claims Act, and the Torture Victim Protection Act. I cannot discern the role of several of the defendants who are identified only in the caption and nowhere else.

Plaintiffs have spent months attempting to effect service under the Hague Convention.[1] To the extent the Central Ministries received the documents and accompanying German translations, they declined to forward them to the defendants on the ground of sovereign immunity and procedural defects. Although I am reluctant to dismiss a *pro se* complaint *sua sponte*, the reality is that defendants are not going to appear, either because they have not been served, or because their Central Ministries are not notifying them of the claim, or because they or their Central Ministries may labor under similar difficulties to mine in understanding what the claim is.

Nevertheless, because defendants have not responded, plaintiffs have moved for default judgment, a motion I cannot grant because the pleading and the case are deficient. See Fitzgerald v. First East Seventh St. Tenants Corp., 221 F.3d 362 (2d Cir. 2000). There is simply no plausible claim that appears under the standard set forth in Ashcroft v. Iqbal, 129 S. Ct. 1937, 1949 (2009), and no basis for subject matter jurisdiction, see Argentine Republic v. Amerada Hess Shipping Corp., 488 U.S. 428, 439, 109 S.Ct. 683 (1989). The complaint is therefore dismissed for lack of subject matter jurisdiction and failure to state a claim.

Plaintiffs are granted leave to attempt to file and serve an amended complaint. The document must be entitled "AMENDED COMPLAINT." The Court makes the following observations to increase plaintiffs' chances of filing a sustainable pleading:

---

[1] Plaintiffs first moved for default judgment on August 4, 2009. By Order dated August 13, 2009, this Court denied that motion on the ground that plaintiffs had failed to effect service and, by Order dated September 15, 2009, advised plaintiffs that in order to effect service they must produce a certificate from each of the served Central Ministries confirming that the Ministry had forwarded the documents to the defendants. On November 5, 2009, plaintiffs again moved for default judgment against defendants.

1. As required by Federal Rule of Civil Procedure 8(a), plaintiffs must set forth their allegations in short, separately numbered paragraphs, not in the narrative form of the present complaint.

2. If plaintiffs claim they fall within one of the exceptions to the Foreign Sovereign Immunities Act, they must identify and quote exactly under which exception or exceptions they are asserting their claim. They then must explain why the acts they are alleging fall within that exception or exceptions.

3. The claims of each plaintiff must be separately set forth.

4. The wrongful acts of each defendant must be separately set forth.

5. If plaintiffs claim that they were tortured, they cannot simply state "we were tortured." They have to state exactly what each defendant did that they contend constituted torture.

6. Dates of relevant events should be included in the description of those events.

The Court strongly recommends to plaintiffs that they obtain the assistance of someone, preferably a lawyer, but at least someone who is fluent in English prior to the filing the Amended Complaint, as the Court wants to afford plaintiffs every opportunity to assert any viable claim that they have, and the current Complaint is simply too difficult to comprehend.

The motion for a default judgment is denied as moot. The Amended Complaint must be filed by January 22, 2010 or the case will be closed.

**SO ORDERED.**

/Signed by Judge Brian M. Cogan/
U.S.D.J.

Dated: Brooklyn, New York
       December 28, 2009