FILED
IN CLERK'S OFFICE
U.S. DISTRICT COURT E.D.N.Y.

★ MAY 04 2010 ★

BROOKLYN OFFICE

UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
---------------------------------------------------------- X
OLEG ZAPOLSKI et al.,

                Plaintiffs,

    - against -

FEDERAL REPUBLIC OF GERMANY et al.

                Defendants.
---------------------------------------------------------- X

**MEMORANDUM**
**DECISION AND ORDER**

09 Civ. 1503 (BMC)

**COGAN**, District Judge.

    Plaintiffs *pro se* commenced this action against a number of German courts, prosecutors, and judges, as well as the Federal Republic of Germany itself, to recover for injuries sustained as a result of a tax prosecution by the German authorities. The Court *sua sponte* dismissed the original complaint, with leave to amend, for lack of subject matter jurisdiction and failure to state a claim. Plaintiffs filed an Amended Complaint on March 15, 2010. Although improved over the original, the Amended Complaint fails to invoke this Court's subject matter jurisdiction as to the German entities, see Argentine Republic v. Amerada Hess Shipping Corp., 488 U.S. 428, 439, 109 S.Ct. 683 (1989), and fails to state a claim as to defendant Deutsche Bank and those defendants named in the caption but nowhere else, see Ashcroft v. Iqbal, 129 S.Ct. 1937, 1949 (2009).

    As best I can discern, the plaintiffs, neither of whom are or were German citizens, purchased a home in Berlin. This, they allege, sparked a tax prosecution by the German authorities. The tax prosecution appears to have included, or been supplemented with, criminal charges, including charges against or related to abc Systemhaus GmbH Wolfram Polenski, the

business venture of one or both plaintiffs. Defendant Deutsche Bank allegedly closed or froze plaintiffs' accounts in response to letters from the German authorities. As a result of the tax prosecution, plaintiff Zapolski was imprisoned, and then released after the German authorities determined that he was not subject to the tax laws pursuant to which he had been prosecuted.

Both the plaintiffs and the property involved in the tax dispute were located in Germany, and it does not appear that any other United States citizens or property were involved in any way. All of the wrongs plaintiffs claim the defendants committed against them, including theft, extortion, bureaucratic error, and "mental tortures," stem from the German government's alleged abuse of its tax powers. Plaintiffs claim that this Court has subject matter jurisdiction pursuant to the International Covenant on Civil and Political Rights, Dec. 19, 1966, 999 U.N.T.S. 171, (the "ICCPR"); the Foreign Sovereign Immunities Act, 28 U.S.C. §§1330(a), 1602-11 ("FSIA"); the Alien Tort Claims Act, id. § 1350 ("ATCA") and the Torture Victim Protection Act, id. ("TVPA").

"The FSIA 'provides the sole basis for obtaining jurisdiction over a foreign state in the courts of this country'." Guirlando v. T.C. Ziraat Bankasi A.S., No. 09-0478-cv, 2010 U.S. App. LEXIS 7227, at *9 (2d Cir. Apr. 8, 2010) (quoting Saudi Arabia v. Nelson, 507 U.S. 349, 355, 113 S.Ct. 1471 (1993) (internal citations omitted)). Accord Garb v. Republic of Poland, 440 F.3d 579, 581 (2d Cir. 2006) ("It is well settled that the only source of subject matter jurisdiction over a foreign sovereign in the courts of the United States is the [FSIA]."). Generally, FSIA confers subject matter jurisdiction over "any nonjury civil action against a foreign state as defined in section 1603(a) [] as to any claim for relief in personam with respect to which the foreign state is not entitled to immunity either under sections 1605-1607 [] or under any applicable international agreement." Guirlando, 2010 U.S. App. LEXIS 7227, at *9 (quoting 28 U.S.C. § 1330(a)).

Plaintiffs attempt to invoke two of the FSIA exceptions: § 1605(a)(1), which permits a party to bring suit for those claims as to which the foreign sovereign has waived its immunity; and § 1605(a)(3), the "takings" exception, which permits a party to bring suit where "property taken in violation of international law [is] in issue and that property or any property exchanged for such property is present in the United States in connection with a commercial activity carried on in the United States by the foreign state; or that property or any property exchanged for such property is owned or operated by an agency or instrumentality of the foreign state and that agency or instrumentality is engaged in a commercial activity in the United States." For the reasons set forth below, neither of these exceptions applies.

First, § 1605(a)(1) is inapplicable because Germany has not taken any steps to waive its immunity for tax prosecutions undertaken within its jurisdiction. See, e.g., Shapiro v. Republic of Bolivia, 930 F.2d 1013, 1017 (2d Cir. 1991) (noting that "[f]ederal courts have been virtually unanimous in holding that the implied waiver provision of Section 1605(a)(1) must be construed narrowly" and that implied waivers only arise under "unambiguous" circumstances). Second, plaintiffs have failed to plead any facts to suggest that the property in question satisfies the requirements of § 1605(a)(3). Even assuming the threshold issues in plaintiffs' favor, that there are property rights at issue and that property was taken, their claims would still fail to meet the requirements of the takings exception. See Garb, 440 F.3d at 588-89. Plaintiffs would face a "substantial legal hurdle" to show that any taking was in violation of international law. Id. at 589. And, even if it were possible, any such showing would be futile as plaintiffs' claims would still fall short as the property is neither present in the United States in connection with a commercial activity carried on in the United States by Germany nor owned or operated by an agency or instrumentality of Germany engaged in a commercial activity in the United States. Id.

(citing 28 U.S.C. § 1605(a)(3)). Additionally, there is nothing to support a conclusion that Germany or its agency or instrumentality either owns or operates the property or is engaged in a commercial activity in the United States with respect to the property. See id. at 594-95 (finding that the Polish Ministry of the Treasury was not subject to suit as an agency or instrumentality of the foreign state because it was a political subdivision of the state itself and therefore protected by the sovereign's immunity).

Plaintiffs also seek relief under the ATCA and the TVPA, which confer jurisdiction for tort claims by aliens stemming from violations of the law of nations or a treaty of the United States. 28 U.S.C. § 1350. First, plaintiffs cannot bring a claim for a violation of the ICCPR, which does not create a private right of action. See Veiga v. World Meteorological Org., No. 08-3999-cv, 2010 WL 726518 (2d Cir. Mar. 3, 2010) (explaining that "the United States ratified the treaty subject to the understanding it was not self-executing; and, we have concluded that this understanding means that the ICCPR does not create a private right of action"); Flores v. Southern Peru Copper Corp., 414 F.3d 233, 258 n. 35 (2d Cir. 2003). Second, plaintiffs' argument that they were mentally tortured, in violation of the TVPA, fails. The essence of their complaint against the German entities remains that they were harassed, deprived of property rights, and jailed, for tax violations. Similarly, their allegations against Deutsche Bank are that it wrongfully seized their assets. Plaintiffs may consider their harassment by the German authorities "mental torture," and their treatment by Deutsche Bank unwarranted, but neither rises to the level of "torture" as defined in the TVPA. See, e.g., Mohammad v. Bin Tarraf, 300 Fed. App'x. 87 (2d Cir. 2008) (dismissing plaintiff's amended complaint for failure to allege "any specific instances of torture – the gravamen of his complaint remains the threats, harassment,

discriminatory treatment, confiscation of and occupation of property, and imprisonment he and his family allegedly suffered" as "legally insufficient").

## CONCLUSION

For the reasons set forth above, the Amended Complaint is dismissed for lack of subject matter jurisdiction and failure to state a claim.

**SO ORDERED.**

/Signed by Judge Brian M. Cogan/
U.S.D.J.

Dated: Brooklyn, New York
       May 4, 2010